The next motion argued is British Airways v. Russell Drover. Thank you. Good morning. Good morning. May it please the Court, my name is Kira Gordon and I am counsel for the petitioner, British Airways. I'd like to request one minute for rebuttal, please. We don't do rebuttal on motions. Okay. Well, thank you, Your Honor. Thank you. In this case, the District Court improperly certified a nationwide class of more than 168,000 executive club members who paid varying fuel surcharges of varying amounts at varying times under varying fuel surcharge structures over the span— that generic one—your question is whether it should have decided a Dauber motion before it's certified. And that question is an interesting one and is essentially moot now. You say in your reply in your most recent thing that it would be good to inform the District Courts. There are lots of moot things that would be good to inform the District Court, but we're not in the business of doing that. That issue is an important one, and in a case where it is properly raised and it makes a difference, I'm sure that this Court will decide it. But why the heck should we decide it now? With all due respect, Your Honor, that is one of the questions that is posed, but we do not believe that that question is moot for four reasons. The first reason is that the class certification decision is supposed to be informed by a Daubert analysis. Here, the Court did not do a Daubert analysis prior to class certification. Number two, the fact that a Daubert opinion issued subsequently does not moot the appeal or cure the problem. If you look at American Honda or Ellis, for example, where your sister circuits took a 23F and addressed this very issue— I don't think it's technically moot under the mootness doctrine. That's really not the issue. The issue is, would it be wise of this Court to accelerate the appeal process rather than, under the final judgment rule, hearing the whole thing at once? It would, Your Honor, because if the Court does not intervene now, then there will be really no review of either the class certification decision or the Daubert opinion. In both Ellis and in American Honda, the district court had issued a Daubert opinion prior to the 23F petition, prior to the class certification decision. But what the Court found when it reviewed that Daubert decision was that it was not, accordance with what the proper standards were, it was not substantial enough. In this case, we have that exact problem. The Court may have issued a subsequent Daubert opinion, but it did not do a full Daubert analysis. And if it had done so, it would have seen that individualized issues predominate. Moreover, the district court did not comport with this Court's precedent in In Re Food Service, in IPO, and in CUEVOS. You have an appeal pending, don't you, of the granting of the 23 class certification? Yes, this is our petition for 23F class certification. Right, this is a motion, but you have an appeal pending, too, don't you? We have petitioned for this Court to review that on appeal, correct? This is the motion for leave to appeal, right? Yes. Right. But my point is, at the end of the day, if you suffer a judgment, if you don't suffer a judgment, you've won. If you suffer a judgment, you can raise your Daubert issue then. But the Daubert issue is going to evade appeal in a timely fashion. Right now, we've got a circumstance where the class has been certified, we think, improperly. Unless this Court looks at that issue now and fixes the problem, we are going to trial on a certified class that should not have been certified in the first place. Maybe you'll win. Yes, well, that would be great, but we have it, but we have, but the Take less to decide. But the district court It's something you have to decide anyway. But the district court has made that class certification decision in violation of this Court's precedent, in violation of In Re Food Service, in violation of CUEVOS, in violation of IPO. The logical extension of what you're saying is that every class certification grant, where there is some bonafide dispute as to whether it was done properly, automatically qualifies for interlocutory appeal. No, that's not what we're saying. We're saying that this Sounds it. I'm sorry? Certainly sounds it. We are saying that this presents the type of case where there is a compelling need for this Court to intervene. There is, this is the type Save you the trial? I'm sorry? Save you the trial? So that the district courts within this circuit have clarity and that we are going to evade review if the district court can issue a Daubert opinion that's divorced from and later than the class certification decision. Back to the issue, and I overstated when I said moved. The position is, as Judge Kogan is, is it wise to decide that question, which is an interesting and important question, in a case like this where, after all, the court then already did something, but in a case where everybody really cares that the issue is right there and we can think about it and decide it wisely. In a case where, ultimately, from your client's point of view, except what everybody who has had a class certified would like, doesn't really make that much difference. Well, we do think that it is wise and appropriate to take this issue now, because otherwise it will evade review and there is a compelling need for the standard to be articulated for the district court. This court, unfortunately, in this circumstance, did not abide by the standards. Thank you. We'll hear from Russell Drover, lead plaintiff. May it please the Court. Your Honors, my name is Jason Lichtman and I represent Plaintiffs in the Certified Class. We ask that the petition for discretionary review be denied for two independently sufficient reasons. First, the district court simply did not err below. And second, as the panel has already alluded to, to the extent that it would have been better practice for the district court to have taken a different course, any error was harmless in this instance. But what about the issue that opposing counsel stressed that the issue will evade review? That we'll start the trial and then he'll issue, she will issue the Daubert opinion. And it's too late by then. They've prepared for a class action. Your Honor, in this case, the district court issued a very careful, well-reasoned Daubert opinion that performed the full Daubert analysis in the right way. To the extent, however, that petitioners in this case do lose at trial, which is uncertain at this point, they can then appeal all of these issues along with everything that happened at trial in one appeal. And that's the ordinary course. Discretionary review would be unwarranted, particularly because, Your Honor, Daubert was performed properly. In this case, there was extensive briefing on Daubert in class certification. There was an extensive hearing on Daubert in class certification. The district court, Judge Deary issued very careful orders on class certification. Aren't you a little nervous that if you go back now to the district court, and you put in another $6 to $10 million of your firm's own money to try these cases, and you then get a judgment in your favor, and it's appealed on the ground that the Daubert decision was improper, and we find it was improper, you will have lost all that investment? No, Your Honor. And the reason is that we have complete confidence in Judge Deary's analysis. The Daubert opinion in this- Like a lawyer that's willing to put his money where his mouth is. Thank you, Your Honor. I also want to touch on the fact that British Airways' cases do not actually count as a contrary result here. First of all, British Airways has misapprehended the American Honda case, and although they didn't mention it here, the blood reagents case. In those cases, the district court didn't perform a Daubert analysis. American Honda, the district court started Daubert, but didn't finish it. Blood reagents, if I recall correctly, the district court simply didn't do Daubert at all. It's still an important issue as to whether you have to do Daubert before certification. What you're really saying is this isn't the case which crystallizes that issue, because, in fact, after this appeal was taken, the district court did it. In part, Your Honor, but this case, if it were taken on appeal, would actually present an even narrower question than the interesting question of whether Daubert needs to be performed as part of class certification. It would present the very narrow issue of does the district court actually have to issue its opinion chronologically before it issues its class certification order. I was thinking about that, and it occurred to me that when Judge Deary granted class cert, in the back of his mind, he must have known where he was coming out on the Daubert issue, right? Absolutely, Your Honor, and the reason we know this is, and I would say it's more than just guessing at the back of a well-respected judge's mind. The reason that we know that he did this is that he held the class certification and Daubert hearings together. Judge Deary would not. And that's why the statement, quite powerful statement by the opposing counsel, that the thinking about Daubert is important in the class certification decision is not really crucially raised in this case, because that thinking, from the whole record, pretty well was there. There wasn't an order, but it was part of it. It would be quite interesting if this was a case where Daubert sort of came up after completely under blue. You're exactly correct, Your Honor. That is how we see it as well. I will just conclude by saying that also Ellis, which is the other case that was mentioned here today, actually supports plaintiff's position rather than British Airways. In the Ellis case, that is the one case where the district court performed a full Daubert analysis. But what happened there is the Ninth Circuit said, and held, that a district court needed to weigh competing expert opinions only if, and the Ninth Circuit was very clear, only if those expert opinions, one expert said, I can do this with common proof, and the other expert said, no, you can't do that with common proof. That's not what happened here. The experts in this case weren't fighting about whether it was possible to do things with common proof. Dr. Jonathan Arnold said, plaintiffs win and I've got common proof to show it. British Airways experts, and the record is very clear on this, said, here are common reasons that plaintiffs should lose. So for that reason, there was nothing for Judge Deary to weigh as an analyst. Thank you. We'll reserve decision and try to issue an order today. Thank you, Your Honor. Thank you both.